[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14905
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2012
JOHN LEY
CLERK

Agency No. A099-392-485

ALABA JEFFERY IGBINOGHENE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 31, 2012)

Before TJOFLAT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Petitioner Alaba Igbinoghene, a native and citizen of Nigeria, entered the United States with a false name and with a fraudulent British passport under the Visa Waiver Pilot program. On November 2, 2006, he applied for asylum, withholding of removal under Immigration and Nationality Act ("INA") § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c). An Immigration Judge ("IJ"), following a hearing at which Petitioner testified and introduced documentary evidence, denied his application in full and ordered his removal. He appealed the decision to the Board of Immigration Appeals's ("BIA"), and it dismissed the appeal. He now petitions this court for review.

The IJ denied Petitioner's application for asylum as time-barred and, alternatively, on the merits, because he was not credible. Among other things, his testimony was often internally inconsistent and vague, and included numerous facts and events that he did not include in his asylum application. In appealing the IJ's decision to the BIA, Petitioner did not challenge the IJ's determination that his asylum application was untimely. Given that circumstance, we must dismiss the part of his petition that seeks review of the timeliness of his application for asylum. *See* INA § 208(a)(3), 8 U.S.C. § 1158(a)(3). What remains for review, then, are the BIA's withholding of removal and CAT rulings.

Petitioner urges us to reverse those rulings because the record before the BIA shows (1) that it is "more likely than not" that he will be persecuted if returned to Nigeria; thus, he is entitled to withholding of removal, and (2) that his testimony concerning government agents harassing, beating, and detaining him, in combination with the reports of political violence in Nigeria, establish that he is also entitled to CAT relief.

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). When the BIA explicitly agrees with the findings of the IJ, we review the decision of both the BIA and the IJ as to those issues. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010). Here, the BIA issued its own decision and explicitly agreed with several findings of the IJ. Accordingly, we review the decisions of both the BIA and the IJ.

Factual determinations, which include credibility determinations, are reviewed under the substantial evidence test. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254-55 (11th Cir. 2006). A credibility determination is due to be affirmed "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id*. (quotation omitted). This means that we will "not substitute [our] judgment for that of the BIA with respect to credibility findings."

3

*D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004). Accordingly, to reverse a finding of fact, we must determine that the record "compels" reversal. *Ruiz*, 440 F.3d at 1255 (quotation omitted). In all, we take "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id*. at 1255 (quotation omitted).

An applicant for asylum must meet the INA's definition of a refugee. INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). The definition of "refugee" includes:

> any person who is outside any country of such person's nationality
> . . . and who is unable or unwilling to return to, and is unable or
> unwilling to avail himself or herself of the protection of, that country
> because of persecution or a well-founded fear of persecution on
> account of race, religion, nationality, membership in a particular
> social group, or political opinion . . . .

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). Thus, in order to meet the definition of a refugee, the applicant must, "with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution." *Ruiz*, 440 F.3d at 1257 (quotation omitted).

Under the INA, an alien seeking withholding of removal must show that his "life or freedom would be threatened in [his] country [of origin] because of [his] race, religion, nationality, membership in a particular social group, or political

opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). The alien seeking withholding of removal bears the burden of showing that it is "more likely than not" that he will be persecuted upon returning to his country. *D-Muhumed*, 388 F.3d at 819 (quotation omitted). "This standard is more stringent than the 'well-founded fear' standard for asylum." *Id*. An alien cannot meet the higher standard for withholding of removal if he does not meet the lower asylum standard. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1292-93 (11th Cir. 2001).

To be entitled to CAT relief, an applicant must establish that it is "more likely than not that he . . . would be tortured if removed to the proposed country." 8 C.F.R. § 208.16(c)(2). Torture is the intentional infliction of severe pain or suffering by, or with the acquiescence of, a person acting in an official capacity. 8 C.F.R. § 208.18(a)(1). The burden of proof for an applicant seeking relief under CAT, like that for an applicant seeking withholding of removal, "is higher than the burden imposed on an asylum applicant." *Al Najjar*, 257 F.3d at 1303.

An applicant's testimony, if credible, may be sufficient to sustain his burden of proof, without corroborating evidence. *Ruiz*, 440 F.3d at 1255. Conversely, if the applicant relies solely on his testimony, an adverse credibility determination may alone be sufficient to support the denial of an application. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). If the applicant produces other

5

evidence of persecution, the IJ must consider that evidence, and the IJ cannot rely solely on an adverse credibility determination. The IJ must offer specific, cogent reasons for an adverse credibility determination, and upon such a determination, the applicant bears the burden of demonstrating that it was not supported by specific, cogent reasons or that it was not based upon substantial evidence. *Id*. To be considered an adverse credibility determination, the IJ or BIA must make "clean determinations of credibility," and state explicitly that the applicant's testimony was not credible. *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005) (quotation omitted). The weaker the applicant's testimony, the greater the need for corroborating evidence. *Id*. Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments. *Ruiz*, 440 F.3d at 1255.

Under the REAL ID Act of 2005, Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 302 (2005), as codified in the U.S. Code, factfinders are to consider the totality of the circumstances when making credibility determinations. *See* INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii). Those circumstances can include the witness's demeanor, candor, and responsiveness, the inherent plausibility of the account, the consistency among and within all oral and written statements and other evidence, and any inaccuracies and falsehoods in the

6

statements.  *Id*.  These determinations are to be made "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  *Id*.

In this case, the BIA's adverse credibility determination is supported by specific, cogent reasons, including the inconsistency of Petitioner's oral and written statements, his vague and non-responsive answers to questions during his merits hearing, and his material omissions in his asylum application of events that formed the basis of his claims for relief.  Among other things, the record supports the BIA's rejection of Petitioner's argument that the IJ erred in finding that his testimony about his participation in the Movement of Social Justice ("MOJ") was inconsistent with a news article describing his participation.  Not only was his testimony inconsistent with what the article stated, it was altogether internally inconsistent and confusing.  Additionally, his answers to questions about his alleged arrests and detentions by Nigerian authorities were vague and non-responsive.  The medical records and police reports he submitted in proof of his claim that he would be tortured if returned to Nigeria taken together only established that he had two encounters with police, two years apart, after being arrested for demonstrating. This evidence fell far short of supporting the testimony he gave of beatings, harassment, and detention at the hands of the

authorities.  As the IJ properly found, the treatment he received was not so extreme or persistent in nature as to rise to the level of "past persecution."

In sum, substantial evidence in the record supports the agency's adverse credibility decision and its removal decision.  The BIA's decision is, accordingly, PETITION DISMISSED, in part, and DENIED, in part.